George S. Goldstein, Ph.D. Executive Director State Department of Social Services 1575 Sherman Street Denver, CO 80203
Dear Dr. Goldstein:
I am writing in response to the request of your office for a formal legal opinion concerning the authority of the Department of Social Services to impose copayment charges on medicaid recipients in the absence of Senate Bill 95 or other state legislation. This issue has previously been addressed in an informal opinion dated August 5, 1982 written by Kenneth M. Platt, assistant attorney general, and in an informal opinion dated May 26, 1983 written by Kathryn A. Stumm, assistant attorney general. More recently your office has requested a formal opinion on this issue in light of substantial budget cuts by the legislature in anticipation of the cost savings to your department to be generated by the imposition of copayment charges on medicaid recipients.
QUESTION PRESENTED AND CONCLUSION
1. Does the State Department of Social Services have authority under existing Colorado law to adopt rules and regulations imposing copayment charges on medicaid recipients?
 The imposition of copayment charges on medicaid recipients by the State Department of Social Services is prohibited by current Colorado law.
ANALYSIS
The Department of Social Services derives authority to administer the Medicaid Program from the Colorado Medical Assistance Act, C.R.S. 1973, 26-4-101 — 116 (1982 repl. vol. 11). Subsection 26-4-112(1) expressly prohibits holding a recipient liable for the cost of medical benefits rendered to him except as permitted by subsection 110(4). Subsection 110(4) provides that "Any recipient receiving benefits under this article who receives anysupplemental income, available for medical purposes under rules and regulations of the state department, shall apply such supplemental income to the cost of the benefits rendered . . . ." (emphasis added).
Accordingly, a copayment charge can be levied against medicaid recipients only on the basis of "supplemental income." The legislative history of subsection 110(4) suggests that this term was intended to refer to third-party benefits such as insurance. Whatever the legislature may have intended by "supplemental income," it is clear that no across-the-board copayment charge levied without regard to the changed circumstances of the medicaid recipient, would be permissible.
SUMMARY
In conclusion it is my opinion that current Colorado law prohibits the Department of Social Services from enacting rules and regulations imposing copayment charges on medicaid recipients for medical benefits provided to them under the Medicaid Program. If you have additional questions on this matter, please do not hesitate to contact me.
Very truly yours,
 DUANE WOODARD Attorney General
MEDICAID AND MEDICARE
C.R.S. 1973, 26-4-112(1) (1982 repl. vol. 11) C.R.S. 1973, 26-4-110(4) (1982 repl. vol. 11)
42 U.S.C. § 1396a42 U.S.C. § 1396o
42 C.F.R. 440, 240, 250, 447, 453, 454
SOCIAL SERVICES, DEPT. OF
The State Department of Social Services does not have authority under existing Colorado law to enact rules imposing copayment charges on Medicaid recipients. To do so would clearly violate the provisions of C.R.S. 1973, 26-4-112(1) (1982 repl. vol. 11) which specifically prohibits holding medicaid recipients liable for benefits received under the Medicaid Program.